UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOSE M. ALVAREZ,

    Plaintiff,

        v.

LEONARD BLACK, Mayor of Caseyville,
RICK CASEY, JR., Trustee of Caseyville, and
VILLAGE OF CASEYVILLE,

    Defendants.

No. 15-cv-574-JPG-PMF

## MEMORANDUM AND ORDER

This matter comes on the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by defendants Leonard Black, Rick Casey, Jr. and Village of Caseyville ("Caseyville") (Doc. 7). Plaintiff Jose M. Alvarez has responded to the motion (Doc. 8), and the defendants have replied to that response (Doc. 9).

**I.**  **Standard for Dismissal**

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl.*, 550 U.S. at 556).

**II.     Facts**

Alvarez's complaint establishes the following relevant facts.[1]  In September 2013, defendant Leonard Black, the mayor of Caseyville, appointed Alvarez to be the chief of police of Caseyville.  This appointment was memorialized in an employment agreement ("Agreement") signed by Alvarez and Black, on behalf of the Village of Caseyville.  The Agreement provides that "the chief of police is employed at the will of the Mayor," Agr. ¶ 1, but also that the term of the Agreement is for two years, Agr. ¶ 3.  The Agreement also provides, "The Village [of Caseyville] will have no obligation to make contractual payments to the Chief through the Expiration Date of this Agreement if the Police Chief is terminated for 'just cause.'  Either party may terminate this Agreement upon thirty (30) days written notice to the other party."  Agr. ¶ 10.

After a series of events, the substance of which is not critical to this motion, animosity developed between Black and Alvarez.  Black wanted to terminate Alvarez and arranged for him to be provided in May 2014 with a list of thirteen reasons the Board of Trustees of Caseyville would consider when deciding whether to fire him.  Alvarez requested the names and witness

---

[1] In determining the facts of this case for the purpose of this motion, pursuant to Federal Rule of Civil Procedure 12(d), the Court has not considered a number of matters outside the pleadings. However, it has considered the relevant employment agreement, which was attached as an exhibit to the plaintiff's pleading and is central to that pleading.  *See Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002); *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1248 (7th Cir. 1994) (citing *Venture Assocs. v. Zenith Data Sys.*, 987 F.2d 429, 431 (7th Cir. 1993)).  The Court has also considered matters of which it can take judicial notice:  orders of Judge McGlynn, which establish the "law of the case," and Board of Trustees' meeting minutes, which constitute public records of which the Court may take judicial notice.  *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994); *Menominee Indian Tribe of Wisc. v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998).  The Court has abridged the facts pled to those relevant to the rulings in this order.

statements of witnesses and other evidence supporting the thirteen reasons, but the defendants did not provide them. Eventually, in November 2014, the Board conducted a hearing at which Alvarez was given an opportunity to be heard as to the list of reasons being considered as justifying his termination. Nevertheless, the Board confirmed Alvarez's termination by a vote of 4-2. Defendant Rick Casey, Jr., who had personal animosity toward Alvarez but who did not have a financial interest in the termination proceedings, was one of the Trustees voting in favor of termination.

In March 2014, even before all the foregoing transpired, Alvarez filed a lawsuit in the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois, seeking to keep his job. The case was assigned to the Honorable Stephen McGlynn, who made a number of substantive rulings. In April 2015, in the Seventh Amended Complaint, Alvarez added for the first time a federal cause of action – a claim under 42 U.S.C. § 1983 for deprivation of a property interest without due process of law in violation of the Fourteenth Amendment (Count I). The defendants removed the case to federal court under 28 U.S.C. § 1441(a) on the basis of original federal question jurisdiction under 28 U.S.C. § 1331. They now ask the Court to dismiss all of Alvarez's claims for failure to state a claim. The Court confines its consideration to Count I, the only claim it will decide, and will remand the remainder of the case to state court.

**III.   Analysis**

In Count I, Alvarez claims he did not receive due process before he was deprived of his property right in his employment as Caseyville's police chief. The defendants argue that Alvarez did not have a protectable property interest in his employment, that even if he did have a protectable interest, he received all the process he was due, that the defendants are entitled to

3

qualified immunity, that Count I is barred by the *Noerr Pennington* doctrine, and that the plaintiff has not adequately pled a basis for municipal liability. In response, Alvarez contends he has a protectable property interest in his job as police chief based on the Agreement, that his hearing was a sham because Casey had "a clear conflict of interest" at the time the Board voted to terminate Alvarez, and because Alvarez did not receive prior to the hearing evidence that he needed to defend himself at the hearing. Alvarez does not address the other arguments for dismissal raised by the defendants.

  A. <u>Due Process Standards</u>

The Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. 14. This clause encompasses three types of protection. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). The first type consists of a claim based on a violation of a specific provision listed in the Bill of Rights. *Id.* The second type of protection, referred to as substantive due process, bars certain arbitrary, wrongful government action. *Id.* In both of these situations, a constitutional violation is complete at the time the wrongful action is taken. *Id.* In addition, the Due Process Clause contains a guarantee of fair procedures. *Id.* Under this type of claim, the constitutional violation does not occur when the deprivation occurs, but rather only if the state fails to provide due process. *Id.* at 126. Thus, an inquiry into the adequacy of the process provided by the state is necessary to determine whether a constitutional violation occurred. *Id.*

Alvarez's claim is the third kind of due process claim, a claim that the procedures used to deprive him of a property right in his employment with Caseyville were not fair. To succeed on a procedural due process claim, a plaintiff must prove he had a protectable property or liberty

interest, he was deprived of that interest and he was denied due process. *Price v. Board of Educ. of City of Chi.*, 755 F.3d 605, 607 (7th Cir. 2014). The question of what constitutes due process "is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer,* 408 U.S. 471, 481 (1972); *accord Doherty v. City of Chi.*, 75 F.3d 318, 323 (7th Cir. 1996). However, a "fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Doherty*, 75 F.3d at 323. Additionally, due process requires a "fair trial in a fair tribunal." *See Withrow v. Larkin*, 421 U.S. 35, 46 (1975) (citing *In re Murchison*, 349 U.S. 133, 136 (1955)).

      B.      Qualified Immunity

The Court finds Black and Casey are entitled to qualified immunity from Alvarez's § 1983 due process claim in Count I. Alvarez did not respond to this argument in the defendants' motion, so the Court may construe his lack of response as an admission of the merits of the defendants' argument. *See* Local Rule 7.1(c). Such a construction is warranted in this case because qualified immunity is warranted on the merits.

Qualified immunity is an affirmative defense that shields government officials from liability for civil damages where their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Pearson v. Callahan*, 555 U.S. 223, 231 (2009); *Denius v. Dunlap*, 209 F.3d 944, 950 (7th Cir. 2000). It protects an official from suit "when she makes a decision that, even if constitutionally deficient, reasonably misapprehends the law governing the circumstances she confronted." *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004). It applies only to state officials who occupy positions with discretionary or policymaking authority and who are acting in their

official capacities.  *Harlow*, 457 U.S. at 816; *Denius*, 209 F.3d at 950.

The qualified immunity test has two prongs:  (1) whether the facts alleged, taken in the light most favorable to the party asserting the injury, demonstrate that the official's conduct violated a constitutional right, and (2) whether the right at issue was clearly established at the time of the alleged misconduct.  *Pearson*, 555 U.S. at 232; *see Brosseau*, 543 U.S. at 197; *Wilson v. Layne*, 526 U.S. 603, 609 (1999).  While it is often beneficial to first inquire into whether the plaintiff has alleged a constitutional violation, the Court has discretion to address the second prong first in light of the circumstances of the case.  *Pearson*, 555 U.S. at 236.

The plaintiff bears the burden of demonstrating that a constitutional right is clearly established.  *Doe v. Village of Arlington Heights*, 782 F.3d 911, 915 (7th Cir. 2015); *Denius*, 209 F.3d at 950.  The inquiry "must be undertaken in light of the specific context of the case, not as a broad general proposition."  *Saucier v. Katz*, 533 U.S. 194, 201 (2001); *accord Brosseau*, 543 U.S. at 198.  To determine whether the right was clearly established, this Court looks to Supreme Court and Seventh Circuit Court of Appeals decisions, then, if there is no controlling precedent, to all relevant caselaw to determine if there is a clear trend.  *Denius*, 209 F.3d at 950-51.  "Qualified immunity is dissolved, however, if a plaintiff points to a clearly analogous case establishing a right to be free from the specific conduct at issue or when the conduct is so egregious that no reasonable person could have believed that it would not violate clearly established rights."  *Smith v. City of Chicago*, 242 F.3d 737, 742 (7th Cir. 2001).

Alvarez has not pointed to any caselaw clearly establishing that a contract with the Agreement's language, or anything substantially similar to it, is sufficient to convey a protectable property interest in continued employment, that is, "a legitimate claim of entitlement to it."

6

*Board of Regents v. Roth*, 408 U.S. 564, 577(1972).   Alvarez is entitled to due process only if he has been deprived of such a property interest.   *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538 (1985).

Property interests are not created by the Constitution but by independent sources such as state law, *Roth*, 408 U.S. at 577, and under Illinois law, employment is presumed to be at-will unless an employee has a legitimate claim of entitlement to his job.   *Cromwell v. City of Momence*, 713 F.3d 361, 364 (7th Cir. 2013).   An employment contract can provide a legitimate claim of entitlement to a job, but not if provides only for at-will employment.   *Campbell v. City of Champaign*, 940 F.2d 1111, 1112 (7th Cir. 1991) (finding contract provision that employee serves "at the pleasure" of another does not create a property right).   Additionally, Illinois law provides that police chiefs in Illinois "may be removed or discharged by the appointing authority" and that decision must be "confirmed by a majority vote of the corporate authorities."   65 ILCS 5/10-2.1-4.

Alvarez believes the Agreement created a legitimate claim of entitlement to the job of police chief for two years.   However, the Agreement contains language indicating his employment was at-will:   he "is employed at the will of the Mayor," Agr. ¶ 1; and "Either party may terminate this Agreement upon thirty (30) days written notice to the other party," Agr. ¶ 10. This language, against the background of 65 ILCS 5/10-2.1-4, indicates Alvarez should not have legitimately expected to have a two-year job commitment.   And although it is true that there is some language in the Agreement suggesting the job would last for two years unless there was cause to fire Alvarez – the defining of the Effective Date and Expiration date, Agr. ¶ 3, and the cryptic language regarding the lack of obligation to pay if Alvarez was terminated for cause, Agr.

7

¶ 10 – it is not enough to negate the at-will language noted above.  At the most, it made it unclear to a reasonable person in Black's or Casey's position whether Alvarez had a property right in his employment that required due process.  Alvarez has not pointed to any caselaw clearly establishing otherwise, so Black and Casey are entitled to qualified immunity on Count I.

Even if Alvarez had had a protectable property right in his employment as Caseyville's police chief based on the Agreement, Alvarez has failed to point the Court to any factually similar case from which it would have been clear to an official in Black's or Casey's position that their conduct violated Alvarez's due process rights.  As noted above, basic due process requires notice and an opportunity to be heard, and a pre-deprivation hearing is the due process "gold standard."  Here, although it took some court intervention, Alvarez eventually received pre-hearing notice of the thirteen reasons that served as the basis of his termination, and he was given an opportunity to be heard before his ultimate termination.  This is sufficient to provide procedural due process in this situation.  To the extent he believes he was not given sufficient notice because he did not receive pre-hearing discovery supporting the list of thirteen reasons for his termination, he has not pointed to any caselaw from which it would have been clear to Black and Casey that the failure to provide such pre-hearing production would violate Alvarez's rights.

Similarly, Alvarez has failed to point to any factually similar case clearly establishing Casey's participation in the vote to terminate him violated his due process rights.  As noted above, basic due process requires a fair tribunal, but generally, those serving as adjudicators are entitled to a presumption of honesty and integrity.  *Withrow v. Larkin*, 421 U.S. 35, 47 (1975).  The level of conflict necessary to overcome that presumption and render a tribunal unfair requires more than personal animus of an adjudicator but a financial interest, earlier partisan participation in the same

8

proceeding, or a strong enough probability of actual bias. *Suh v. Pierce*, 630 F.3d 685, 691 (7th Cir. 2011) (citing *Tumey v. Ohio*, 273 U.S. 510, 523 (1927); *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 880, 884-85 (2009)) (discussing standards for judicial disqualification)). Judge McGlynn has determined that Casey's interest was non-financial, and Alvarez has not pointed to any caselaw clearly establishing that Casey's non-financial interest in the proceeding was sufficient to render the Board an unfair tribunal. Furthermore, Alvarez has not pointed to any caselaw clearly establishing that his constitutional rights were violated where Casey's vote was not decisive in the outcome of the 4-2 vote against him.

For these reasons, the Court finds that Alvarez has failed to show Black and Casey violated his clearly established constitutional rights, and that Black and Casey are therefore entitled to qualified immunity on Count I.

C.   *Monell* Theory

Caseyville asks the Court to dismiss the claims against it because Alvarez has failed to adequately plead liability under *Monell v. Department of Social Services*, 436 U.S. 658, 690 (1978). *Monell* provides that a municipality can be liable under § 1983 if (1) it had an express policy calling for a constitutional violation, (2) it had a widespread practice of constitutional violations that was so permanent and well settled as to constitute a custom or usage with the force of law, or (3) if a person with final policymaking authority for the county caused the constitutional violation. *Monell*, 436 U.S. at 694; *McCormick v. City of Chi.*, 230 F.3d 319, 324 (7th Cir. 2000). A municipality is liable only when its "policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy," is the moving force behind the constitutional violation. *Monell*, 436 U.S. at 694.

Alvarez has failed to respond to Caseyville's argument, not even pointing to which *Monell* theory or theories he uses to assert Caseyville's liability or pointing to allegations in the Seventh Amended Complaint that would plausibly suggest relief under any of those theories. Where a party has failed to advance his own arguments, the Court will not formulate arguments for him. *See United States v. McClellan*, 165 F.3d 535, 550 (7th Cir. 1999). Instead, pursuant to Local Rule 7.1(c), the Court construes Alvarez's failure to respond as an admission of the merits of the motion.

D.     Amendment

In his response, Alvarez asks the Court to allow him leave to amend his complaint if the Court finds he has not adequately pled his § 1983 claims. The Court declines to do so. Federal Rule of Civil Procedure 15(a) provides that a plaintiff in Alvarez's position may only amend his pleading with the opposing parties' written consent, which the plaintiff has not obtained, or leave of court, which the Court should freely give when justice requires. Fed. R. Civ. P. 15(a)(2). Generally, the decision whether to grant a party leave to amend the pleadings is a matter left to the discretion of the district court. *Orix Credit Alliance v. Taylor Mach. Works*, 125 F.3d 468, 480 (7th Cir. 1997). A court should allow amendment of a pleading except where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment. *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) (citing *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007)). An amendment is futile if it would not survive a motion to dismiss for failure to state a claim, *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir.

10

1997), or a motion for summary judgment, *Bethany Pharmacal Co. v. QVC, Inc.*, 241 F.3d 854, 860 (7th Cir. 2001).

The Court notes that the plaintiff failed to respond to a number of the defendants' arguments for dismissal and the Court has dismissed Count I on that basis.  Where a party does not bother to respond to arguments when they are raised in a motion to dismiss, the Court is not inclined to prolong the litigation by allowing an amended pleading and another round of dispositive motions.  This would cause undue delay in the conclusion of this litigation.

  E. <u>Remand</u>

The Court notes that this order disposes of Count I, the sole federal question raised by this case and the sole basis supporting the exercise of original federal jurisdiction.  *See* 28 U.S.C. §§ 1331 & 1441(a).  While the Court retains supplemental jurisdiction over the remaining state law claims in this case under 28 U.S.C. § 1367(a), that statute provides that a district court "may decline to exercise supplemental jurisdiction . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).  A district court has broad discretion in deciding whether to decline jurisdiction over state law claims when no original jurisdiction claims remain pending.  *RWJ Mgmt. Co. v. BP Prods. N. Am., Inc.*, 672 F.3d 476, 478 (7th Cir. 2012).  The district court should consider judicial economy, convenience, fairness and comity.  *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251 (7th Cir. 1994) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).  "[W]hen the district court dismisses all federal claims before trial, the usual and preferred course is to remand the state claims to the state court unless there are countervailing considerations." *Payne for Hicks v. Churchich*, 161 F.3d 1030, 1043 (7th Cir. 1998) (citing *Wright*, 29 F.3d at 1251).

The Court has considered the relevant factors and has determined that remand is proper. Judge McGlynn has invested substantial resources in overseeing this case since its inception, and this Court has only been involved in the limited proceedings since the removal about four months ago. It would be far more efficient to let Judge McGlynn decide the state law issues in this case. Furthermore, it would be more convenient to the parties to have this matter resolved in the St. Clair County/Metro East area, where the parties are located, than in Benton, more than an hour's drive away. Additionally, there is no indication it would be unfair to either party to remand this case to state court. Accordingly, the Court will remand this case to the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois.

## IV. Conclusion

For the foregoing reasons, the Court:

- **GRANTS** the defendants' motion to dismiss (Doc. 7);

- **DISMISSES** Count I **with prejudice**;

- **FINDS** that there is no just reason to delay entry of judgment on Count I;

- **DIRECTS** the Clerk of Court to enter judgment on Count I pursuant to Federal Rule of Civil Procedure 54(b); and

- **REMANDS** the remainder of this case to the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois.

**IT IS SO ORDERED.**
**DATED:** September 28, 2015

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**